1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAYON JONES,                          No.  2:25-cv-2314 AC P

12                  Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   PATRICK CAVELLO,

15                  Defendant.

16

17          Plaintiff is a state prisoner proceeding pro se with this civil action and seeks leave to

18   proceed in forma pauperis under 28 U.S.C. § 1915(a).

19   I.     Three Strikes Analysis

20          Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).  ECF No. 2.

21   The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to

22   authorize the commencement and prosecution of any suit without prepayment of fees by a person

23   who submits an affidavit indicating that the person is unable to pay such fees.  However,

24              [i]n no event shall a prisoner bring a civil action or appeal a
               judgement in a civil action or proceeding under this section if the
25              prisoner has, on 3 or more occasions, while incarcerated or detained
               in any facility, brought an action or appeal in a court of the United
26              States that was dismissed on the grounds that it is frivolous,
               malicious, or fails to state a claim upon which relief may be granted,
27              unless the prisoner is under imminent danger of serious physical
               injury.
28

1   28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded

2   from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three

3   frivolous actions and/or appeals (or any combination thereof totaling three).  Rodriguez v. Cook,

4   169 F.3d 1176, 1178 (9th Cir. 1999).

5           "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only

6   when, after careful evaluation of the order dismissing an action, and other relevant information,

7   the district court determines that the action was dismissed because it was frivolous, malicious or

8   failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  Dismissal also

9   counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground

10  that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to

11  file an amended complaint" regardless of whether the case was dismissed with or without

12  prejudice.  Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

13          Inspection of other cases filed by plaintiff has led to the identification of at least six cases

14  that qualify as strikes.  The court takes judicial notice of the following lawsuits filed by plaintiff:[1]

15          1.  Jones v. Swartz, No. 2:14-cv-2877 WBS KJN (E.D. Cal.) (complaint dismissed with

16              leave to amend for failure to state a claim (ECF No. 15), case dismissed on August 13,

17              2015, for failure to file an amended complaint (ECF No. 21));

18          2.  Jones v. Madden, No. 2:22-cv-1592 DAD EFB (E.D. Cal.) (case dismissed on January

19              31, 2024, for failure to state a claim (ECF No. 24));

20          3.  Jones v. Bonta, No. 2:24-cv-3338 DJC CSK (E.D. Cal.) (complaint dismissed with

21              leave to amend for failure to state a claim (ECF No. 10), case dismissed on June 6,

22              2025, for failure to file an amended complaint (ECF No. 14));

23          4.  Jones v. Armenta-Morales, No. 3:24-cv-3902 CRB (N.D. Cal.) (complaint dismissed

24              with leave to amend for failure to state a claim (ECF No. 11), case dismissed on

---

25  [1]  The court "may take notice of proceedings in other courts, both within and without the federal

26  judicial system, if those proceedings have a direct relation to matters at issue."  United States ex
    rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)

27  (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court
    may take judicial notice of facts that are capable of accurate determination by sources whose

28  accuracy cannot reasonably be questioned).

2

January 28, 2025, for failure to file an amended complaint (ECF No. 13));

5.  Jones v. Castaneda, No. 3:24-cv-5076 CRB (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 10), case dismissed on January 28, 2025, for failure to file an amended complaint (ECF No. 12)); and

6.  Jones v. Arce, No. 3:24-cv-7346 CRB (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 6), case dismissed on March 18, 2025, for failure to file an amended complaint (ECF No. 8)).

All of the preceding cases were dismissed well in advance of the August 10, 2025[2] filing of the instant action, and none of the strikes have been overturned. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes (Cervantes), 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint," Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022), and the allegations of such danger must be plausible, Cervantes, 493 F.3d at 1055 ("the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The complaint alleges that when plaintiff was housed at Mule Creek State Prison, an inmate tried to kill her by putting fentanyl in her food. ECF No. 1 at 3. At the time she filed the complaint, plaintiff was housed at Salinas Valley State Prison (ECF No. 1 at 1, 15), and there are no allegations that would demonstrate an imminent risk of serious physical injury at the time of

---

[2] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

filing.  The undersigned will therefore recommend that plaintiff be required to pay the filing fee in full or have the complaint dismissed.

II.     Plain Language Summary of this Order for a Pro Se Litigant

You have at least three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint.  You have not shown that you were in imminent danger of serious physical injury and so it is being recommended that your motion to proceed in forma pauperis be denied and you be required to pay the whole filing fee at one time before this case can go forward.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2.  Plaintiff be ordered to pay the entire $405.00 in required fees within thirty days or face dismissal of the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2025

allison Clani
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4